**Marie-Ann Greenberg**
**Chapter 13 Standing Trustee**
30 Two Bridges Road
Suite 330
Fairfield, NJ  07004-1550

Phone 973-227-2840
Fax 973-227-3272

Joseph D. Petrolino, Jr.
Staff Attorney

Brian M. Knapp
Staff Attorney

For Payments Only:

PO Box 520
Memphis, TN  38101-0520

VIA ELECTRONIC FILING                                              March 16, 2012
Hon. Donald H. Steckroth
U.S. Bankruptcy Court
50 Walnut St., 3rd Floor
Newark, N.J. 07102


Re:           Victor Mondelli
Case:         12-16514/DHS
Hearing:      3/19/12 at 2:00


Dear Judge Steckroth,

Please accept this submission in lieu of a more formal Certification regarding the Motion to Dismiss, to be heard on shortened notice, on the above-captioned matter.  A skeletal petition was filed on behalf of Mr. Mondelli on March 14th, a mere week after the dismissal of the Ch. 13 filing of Anna Mondelli, the co-owner of realty in Berkeley Heights, New Jersey.  The Certificate of Credit Counseling was prepared on February 29th, 2012; the day after the filing of Anna Mondelli and prior to the dismissal with prejudice of her case.  This raises, at the very least, the suspicion that Victor Mondelli and his mother orchestrated the pre-planned bankruptcy filings so as to frustrate the main creditor herein in a conspiratorial manner.

As with Anna Mondelli's petition, the cover page of the instant petition indicates that the estimated liabilities exceed $1,000,001.  A breakdown of the secured and unsecured liability is paramount.  As the parties are no doubt aware, pursuant to Section 109(e) there is a debt limitation on Chapter 13 debtors of $360,475 in unsecured debt and $1,081,400 in secured debt.  It is debtor's obligation to set forth this information in the petition at filing.  Debtor must have been acutely aware that the secured debt exceeds the Ch. 13 threshold limit.  Counsel for Debtor, had he engaged in true due diligence, would know that Anna Mondelli's case was dismissed in part because this Court found the secured debt to be in excess of the allowable limit.  Thus, it stands to reason that the debt owed, with the interest rate continuing to accrue, is more in the instant filing than in the prior filing of Anna Mondelli.  It follows that the filing of the Ch. 13 herein is in bad faith.

The undersigned joins the secured creditor's request to dismiss the instant case with a bar and asks the Court to consider a bar of 180 days to apply to Victor Mondelli, and any and all successor's in interest to the realty at issue; in essence for prospective relief within the

**Marie-Ann Greenberg**
**Chapter 13 Standing Trustee**
30 Two Bridges Road
Suite 330
Fairfield, NJ  07004-1550

Joseph D. Petrolino, Jr.
Staff Attorney

Brian M. Knapp
Staff Attorney

Phone 973-227-2840
Fax 973-227-3272

For Payments Only:

PO Box 520
Memphis, TN  38101-0520

dismissal order.  Further, the undersigned requests counsel fees be awarded in the amount of $1,000.00 for time spent on the review of the case and motion, drafting of the instant reply and appearance in Court.  The Court has the ability to award fees pursuant to its broad authority under Section 105(a).  Said fees should be the joint and several obligation of both Mr. Mondelli and his attorney.

Respectfully submitted,

Marie-Ann Greenberg, Chapter 13 Standing Trustee

Cc:  Joseph Rasa, Esq. – via ECF
   Aaron E. Albert, Esq. – via ECF
   Kenneth Rossellini, Esq. – via ECF